Scooter Dewayne Carey
4161 Foothill Dr.
Coeur d'Alene, Idaho 83814

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| **SCOOTER DEWAYNE CAREY,** <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | Case No. 2-22-cr-00286-001BLW <br><br> **MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1)** |

COMES NOW, Scooter Dewayne Carey, the Petitioner, filing in pro se, and respectfully Motions this Court for an Order to terminate his supervision early pursuant to Title 18 U.S.C. § 3583(e)(1). Petitioner states the following in support:

**1. Jurisdiction.**

This Court has jurisdiction pursuant to Title 18 U.S.C. § 3583(e)(1), Federal Rule of Criminal Procedure 32.1(c), United States Sentencing Guideline Manual § 5D1.2 app. N.5 (2012), and applicable case law.

**2. Statement of The Case.**

Information was returned against Petitioner for violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846 (Conspiracy to Distribute a Controlled Substance-Methamphetamine). Petitioner entered a plea and was sentenced to 96 months of incarceration in federal custody with a five-year term of supervised release.

While incarcerated in the Federal Bureau of Prisons (BOP) Petitioner was a model inmate by all accounts. Petitioner completed several educational, vocational, health and rehabilitation programs. He successfully completed the Residential Drug and Alcohol Program (RDAP), and certification as a fitness and nutritional instructor. He regularly attended Alcoholics and Narcotics Anonymous and Church services to build a commitment to sobriety and

MOTION FOR EARLY TERMIATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1) - 1

a relationship with his Higher Power. Petitioner learned Microsoft 365, and QuickBooks as part of a college program offered through Chemeketa Community College.

Petitioner devoted the majority of his incarceration to working with others and helping people with their own healing journey. Unfortunately, this devotion to helping others is not an easy journey in our nation's prison system. In an environment that is often filled with negativity Petitioner was able to find ways to better himself and to be a positive influence on those around him. From the long list of certifications and program reports it is evident that Petitioner utilized his time while incarcerated to better himself, to invest in the wellbeing of others as a RDAP mentor, and to prepare for his successful transition back to the community upon release.

Petitioner was released from federal custody to the Residential Reentry Center (RRC) on October 20, 2020, and began his 5-year term of supervised release in June 14th 2021. He is active in the AA and NA recovery communities and shares his "experience, strength and hope" with other people who are trying to build a commitment to sobriety. Petitioner used the structured transition from RRC to make a successful transition back to the community, and to build a commitment to sobriety upon his release. A commitment that he has followed through with in his daily life. Petitioner has excelled in the construction industry by achieving Superintendent status on a significant construction project in Post Falls Idaho. He will soon be the father of twins and has been a devoted husband to his wife Michelle and their four year old daughter.

During his incarceration in the Bureau of Prisons ("BOP") Petitioner participated in educational, vocational and rehabilitation programs that were available. Following his release, Petitioner has reintegrated himself with his family and community. He has made a positive impact in the lives of many people within the community. Today Petitioner is a kind, considerate and giving individual who has made significant and lasting changes in his life.

Petitioner's conduct while incarcerated and upon his release has been exceptional. He has become a positive and productive member of his community and a valued member of his family. He has completed all requirements of his supervision as directed by his probation officer who it is believed will support of Petitioner's Section 3583 Motion.

MOTION FOR EARLY TERMIATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1) - 2

**3. Points and Authorities.**

Authority of termination of supervised release is found in Title 18 U.S.C. § 3583(e)(1) with further guidance in the application notes to the United States Sentencing Guideline Manual § 5D1.2. The federal Office of Probation also has its own set of procedures found in Monograph 109, Supervision of Federal Offenders.

This Court may terminate the term of supervised release imposed on a felony defendant "at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." See 18 U.S.C. § 3583(e)(1) (2012). The statute instructs the Court to consider the factors set forth in 18 U.S.C. § 3553(a). Subsection 3583(e)(2) has some relevancy to the inquiry as it requires a court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when deciding to modify, reduce or enlarge the term or conditions of supervised release. See *United States v. Lussier*, 104 F.3d 32, 35 (2nd Cir. 1997).

The Sentencing Commission amended Application note five to Sentencing Guideline 5D1.2 to "encourage" courts to exercise their early termination authority. See U.S. SENTENCING GUIDELINE MANUAL Appendix C Amend. 756. "For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program thereby reducing the risk to the public from further crimes of the defendant." Id. app. n.5 (2012).

**Conclusion.**

Petitioner's conduct while incarceration and his exceptional conduct upon his release from BOP custody warrant consideration for early termination of his supervised release. He has maintained a positive attitude and has made a favorable impression on his Probation Officer. At this stage, Petitioner wishes to close this chapter of his life and begin another. Given no evidence of criminal recidivism or relapse in use of drugs he should be afforded this change.

MOTION FOR EARLY TERMIATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1) - 3

Based upon the facts stated herein, Petitioner respectfully requests this Honorable Court to end his term of supervision early pursuant to Title 18 U.S.C. § 3583(e)(1).

Signed on this 19th day of August 2023.

Respectfully Submitted

_____
Scooter Dewayne Carey
Petitioner *In Pro se*

MOTION FOR EARLY TERMIATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1) - 4