UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00286-AKB-1 |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER RE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO TITLE 18 U.S.C. § 3583(E)(1)** |
| SCOOTER DEWAYNE CAREY, | |
| Defendant. | |

Before the Court is Defendant Scooter Dewayne Carey's Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1).  (Dkt. 2).  For the reasons discussed, the Court denies the motion.

## I.  BACKGROUND

In February 2016, Carey pled guilty to one count of possession with intent to distribute fifty grams of more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841.  (Dkt. 1-1 at p. 2).  Carey was sentenced to ninety-six months of imprisonment and five years of supervised release.  (Dkt. 1-1 at p. 8).  Carey began his supervised release on June 14, 2021, in the Eastern District of Washington.  (Dkt. 1 at p. 8; Dkt. 2 at p. 2; Dkt. 3 at p. 2).  In December 2022, supervision of Carey was transferred to the District of Idaho.  (*See* Dkt. 1).  In October 2023, Carey moved for early termination of his supervised release.  (Dkt. 2).

## II.  LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release.  18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Likewise, the Court has

broad discretion to terminate supervision after the defendant has served one year of supervised release. 18 U.S.C. § 3583(e)(1).  In deciding whether to grant a motion for early termination, courts must consider several sentencing factors.  18 U.S.C. § 3583(e)(1); *see* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), (a)(7).  If, after consideration of these factors, the Court is satisfied early termination is "warranted by the conduct of the defendant released and the interest of justice," the Court may grant the motion to terminate supervision.  The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for rare cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination.  *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).  In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above but need not elaborate unnecessarily.  *Emmett*, 749 F.3d at 821-22.

### III.  ANALYSIS

While Carey has served the requisite year of supervision and has incurred no violations while on supervision, the Court is not persuaded that early termination is warranted.  The Court commends Carey on how well he has performed while on supervision.  Compliance with the terms of supervision, however, "is to be expected."  *Id.* at 824 n.2 (Nguyen, J. dissenting) (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).

Following his release from incarceration, Carey indicates he has successfully transitioned back into the community, remained committed to sobriety, excelled professionally in the construction industry, and been a devoted husband and father.  (Dkt. 2 at p. 2).  Carey also states the company he works for would like him to relocate out-of-state for his next project and contends

that "removing the constraints" of supervision would allow him to move forward with life.  (Dkt. 3 at p. 1).

Having considered the nature and circumstances of the underlying offense, the history and characteristics of Carey, the need for the sentence imposed to protect the public and to provide Carey with needed treatment and support, the kinds of sentences available, and the applicable guideline sentencing range, the Court declines to terminate Carey's supervision early.  Carey's offense conduct involved possession of a considerable amount of methamphetamine.  (*See* Dkt. 6 at p. 4).  Considered along with his history of substance use, the nature of the offense and Carey's history both suggest a public benefit to ensuring full rehabilitation before terminating Carey's supervised release.  Indeed, supervised release provides accountability for those who struggle with substance use and, in doing so, protects the public and the individual.  Moreover, the sentencing court was statutorily required to impose a term of supervised release of at least four years, and the guideline range provided for a term of supervised release of four to five years.  (*See* Dkt. 6 at p. 20).

The Court advises Carey that continued supervision is not intended as punishment but rather is intended to aid in his continued success.  *See United States v. Campbell*, No. 1:12-cr-00155-BLW, 2022 WL 3227735, at *2 (D. Idaho Aug. 10, 2022).  Like the Government, the Court also notes that Carey's supervision does not fully prohibit travel and that he may be able to relocate out-of-state for his next professional project and also remain on supervision.  (*See* Dkt. 5-2).  The Court again commends Carey for his success on supervision, including his success with his career and family.  The Court concludes, however, that early termination is not warranted and denies Carey's motion.

**MEMORANDUM DECISION AND ORDER - 3**

## IV.  ORDER

**IT IS ORDERED that:**

1.      Defendant Carey's Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1) (Dkt. 2) is **DENIED**.

DATED: November 28, 2023

*Amanda K. Brailsford*

**Amanda K. Brailsford**
U.S. District Court Judge